BLANCHE E. WEBER, APPELLEE, V. LEROY WARING
WEBER, APPELLANT.

279 N. W. 2d 379

Filed May 22, 1979. No. 42294.

Stanley H. Foster and Van A. Schroeder, for appellant.

Dixon G. Adams, for appellee.

Heard before BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KNAPP, District Judge.

McCOWN, J.

This case involves the determination of amounts due under a judgment in a dissolution of marriage proceeding. The District Court granted the husband a credit of $1,950 against the judgment for temporary alimony and support paid during pendency of an appeal, and also ordered payment of $3,250 of temporary support payments under a temporary support order entered prior to the original judgment in the District Court. The husband has appealed.

This is the second appearance of this case in this court. See Weber v. Weber, 200 Neb. 659, 265 N. W. 2d 436. In the first appeal the District Court entered a money judgment against the husband for $160,000 in lieu of property division. The judgment provided for interest at 8 percent from April 1, 1977. Principal was payable $8,000 on April 1, 1977, and $8,000 on each April 1 thereafter, plus interest at 8 percent on the unpaid balance. This court affirmed that judgment on appeal and our mandate was filed in the District Court on June 22, 1978.

On June 26, 1978, the husband filed a motion in the District Court to stay execution on the judgment pending determination of the amount then due. The motion was overruled on June 30, 1978. Meanwhile,

the wife had instituted various garnishments in execution of the judgment. On July 6, 1978, on the joint application of the husband and wife for the determination of the then current liability of the husband on the judgment, the District Court entered its order finding that the sum of $34,271.12 had been paid to the clerk of the District Court, and that the husband had promised to pay the balance remaining due on the judgment of $4,602.82, and had waived any further rights he might have with regard to the garnishment proceedings, and requested the court to enter an order directing the payment of the garnished amounts to the wife. The order of July 6, 1978, therefore directed the sum held by the clerk to be paid to the wife and ordered the release of the garnishments as of the date of issue of the husband's check for payment of the balance remaining due. The garnishments were thereafter released.

On July 7, 1978, the husband filed a second motion requesting the right to offset against the judgment the amount of temporary support and alimony paid by the husband during the pendency of the appeal in the Supreme Court. Hearing on this motion was held on July 21, 1978. At the hearing the parties stipulated that the husband had paid the total sum of $38,873.94 on the judgment, which was the total amount then due on the judgment and made the judgment current until April 1, 1979. Hearing on the motion then proceeded and the husband established that he had also paid and should be allowed credit of $1,950 for support payments during the pendency of the appeal. The wife conceded those payments but also asserted there was a $3,250 delinquency in support payments under a previous temporary support order of October 24, 1975, entered prior to the original decree.

On August 3, 1978, the District Court entered its order directing the husband to pay $3,250 unpaid support required by the order of October 24, 1975, and

also ordered that the husband be given credit against the principal judgment in the sum of $1,950 for support paid during the pendency of the appeal.

On August 3, 1978, the husband filed a motion for new trial or reconsideration of the order in which he alleged the parties had agreed to an accord and satisfaction with respect to the amounts due under the temporary support order of October 24, 1975. The husband asserted that the wife had relinquished custody of the minor daughter to the husband in 1976, and had agreed that such custody would be accepted as an accord and satisfaction of the support order for such child. It was also asserted that the husband had no notice that any issue of arrearages under the support order of October 24, 1975, would be raised at the hearing on July 21, 1978, and the husband was not present at that hearing. It was also asserted that his counsel was not aware of the facts with respect to any accord and satisfaction.

Hearing on the motion for new trial or reconsideration was held on August 24, 1978. The court sustained a continuing objection to all evidence as to any accord and satisfaction but permitted the husband to introduce evidence as an offer of proof. The offer of proof, if the evidence were accepted, tended to establish an accord and satisfaction. At the conclusion of the hearing the District Court denied the motion.

The husband has appealed from the order of June 30, 1978, overruling the motion to stay execution on the judgment, and from the order of the District Court overruling his motion for new trial or reconsideration directed against the order of August 3, 1978, ordering him to pay $3,250 in arrearages on the temporary support order of October 24, 1975.

With respect to the order of June 30, 1978, the husband contends that interest on the 1977 judgment of the District Court did not begin to run until June 22, 1978, when the mandate of this court was filed with

the clerk of the District Court, and that execution on the judgment should have been stayed to determine the correct amount due. Neither proposition is supportable. The judgment of the District Court specified the amount of the monetary award, the rate of interest and the date from which it was to be computed, and the dates of payment of principal and interest. The affirmance of that judgment by this court on appeal relates back to the original rendition of the judgment and makes the judgment effective as of that date in accordance with its terms.

Ordinarily after affirmance on appeal a judgment for the recovery of money only is not subject to a stay of execution. Even if there were any doubt on that issue, however, the stipulation of the parties as to the amount due on the judgment and the order of the court based on that stipulation make the issue moot. The order of June 30, 1978, overruling the motion for stay of execution was correct and is affirmed.

The second motion and order involved in this appeal follow a mass of interrelated pleadings and overlapping hearings, and the order of August 3, 1978, relates to two different judgments. One is the principal judgment in this case and the other is a preliminary order for temporary support entered before the entry of the original decree. The motion of July 7, 1978, sought credit against the principal judgment for support payments made during the appeal under an order dated April 15, 1977, which by its terms allowed a credit against the judgment for such payments. The pleadings did not introduce any other issue. On its face the motion, and presumably the hearing, was limited to the issues raised by the pleadings. The evidence produced established that the husband had paid $1,950 for support during the pendency of the appeal and was entitled to credit for that amount against the judgment. The wife tacitly conceded that issue, but in-

troduced a new issue at the hearing. She contended that there were arrearages in temporary support payments ordered prior to the original decree, and argued that the husband should be ordered to pay them. The husband was not present at the hearing and his counsel was not aware of the facts with respect to the support order of October 24, 1975.

The order of the District Court of August 3, 1978, granted the husband's motion and credited the sum of $1,950 against the judgment for support payments made under the 1977 order during the pendency of the appeal. The order also required the husband to pay the sum of $3,250 as required by the temporary support order dated October 24, 1975. The husband immediately objected to that portion of the order requiring payments on the temporary support order of 1975 and filed his motion for new trial or reconsideration.

At the hearing on that motion the husband was denied the right to introduce any evidence as to any accord and satisfaction but was permitted to make an offer of proof. Without expressing any view as to the weight and validity of the facts presented in the offer of proof, it was sufficient, if believed, to establish a prima facie case of accord and satisfaction. The District Court overruled the motion for new trial or reconsideration and the only real issue on this appeal is whether the husband had a right to be heard on the issue of an accord and satisfaction with respect to any portion of the support payments required by the temporary support order of October 24, 1975.

An oral agreement to suspend a right to enforce a judgment for child support may constitute an accord and satisfaction entitling a party to a release and satisfaction of a judgment for child support. See Ruehle v. Ruehle, 161 Neb. 691, 74 N. W. 2d 689. The husband here was entitled to plead and prove that his child support obligations as to one of the minor

children of the parties had been discharged by an agreement between husband and wife amounting to an accord and satisfaction.

The husband's absence from the original hearing may not have constituted an adequate ground to claim accident or surprise as to an issue raised by the pleadings or necessarily involved in the hearing. Nevertheless, it is clear that arrearages in support under the temporary order of October 24, 1975, were not within the issues of the pleadings at the hearing on the motion involved here. If the husband is to be ordered to pay a specific liability as to which he may have a valid defense, he should at least have notice and an opportunity to be heard and to present evidence in his defense. Whether the motion be treated as a motion for new trial or a motion for reconsideration of an order, the husband was entitled to due process and to have the evidence considered by the court.

The order of the District Court of August 3, 1978, was correct in granting the husband a credit of $1,950 for support paid during the pendency of the appeal. The remainder of the order of August 3, 1978, including the provision for $75 attorney's fees, is vacated and the cause remanded to the District Court for further proceedings as to amounts due under the temporary support order of October 24, 1975. No attorney's fees are allowed in this court.

AFFIRMED IN PART, AND IN
PART REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.

KRIVOSHA, C. J., concurring.

I would add only that in Ruehle, *supra*, we pointed out that "An accord and satisfaction is predicated upon an agreement between the parties *based upon a consideration* * * *." (Emphasis supplied.) We in no way depart from that essential requirement of sufficient consideration. A mere oral agreement absent consideration would not be sufficient.