DEBORAH A. COTTON, APPELLANT, V. NORMAN D. COTTON, APPELLEE.

383 N.W.2d 739

Filed March 28, 1986.   No. 84-770.

James T. Hansen, for appellant.

Gregory J. Beal of Gregory J. Beal & Associates, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

These proceedings arise out of a marriage dissolution case. The appeal involves credits applied by the trial court against its judgment for alimony and child support, resulting from payments made by the respondent directly to the petitioner rather than through the clerk of the court.

Petitioner has appealed, contending that because the decree of dissolution directed payments to be made through the clerk of the court, as provided for in Neb. Rev. Stat. § 42-369 (Reissue 1984), respondent should get no credit for payments made directly to the petitioner, as evidenced by respondent's canceled checks admittedly endorsed by the petitioner.

After a rather extensive and contentious hearing, the petitioner finally admitted the receipt of the checks, agreed as to the balance of alimony due, but continued to argue the accuracy of the unpaid child support. The trial court gave credit on the judgment for child support for approximately $12,000, and determined the February 1, 1984, balance for alimony to be $4,625.65 and for child support the sum of $4,654.91.

Petitioner argues the rule against modifying accrued support judgments and the principles of setoff. Neither is applicable in this case. What is germane is the inherent power of a court to

determine the status of its judgments. "The district court may, on motion and satisfactory proof that a judgment had been fully paid or satisfied by the act of the parties thereto, order it discharged and canceled of record." (Syllabus of the court.) *Manker v. Sine*, 47 Neb. 736, 66 N.W. 840 (1896), cited with approval in *Hopwood v. Hopwood*, 169 Neb. 760, 100 N.W.2d 833 (1960).

The statute in question was designed to avoid this type of litigation. Had respondent followed its dictates, he would have avoided a great deal of time, trouble, and expense. However, the language of the statute, we believe, is only directory, not mandatory. The Legislature could not have intended that a plaintiff receive double recovery.

We have reviewed the record de novo and conclude that the trial court was correct in its findings. Its judgment is affirmed.

AFFIRMED.