CATHERINE ANN SCOTT, APPELLEE, V. RICK LEE SCOTT, APPELLANT.

389 N.W.2d 567

Filed July 3, 1986.   No. 85-024.

Rodney J. Palmer of Palmer & Kozisek, for appellant.

Bill Quigley of Quigley, Dill & Quigley, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

The marriage of the parties herein was dissolved, after trial, by a decree of dissolution entered in the district court for Brown County on November 25, 1981. Rick Lee Scott, appellant herein and respondent in that action, appealed to this court from that decree, and on December 17, 1982, a settlement of that appeal was effected in this court between Rick and Catherine Ann Scott, appellee herein. The terms of that settlement provided for continued custody of the parties' three children in appellee, for child support, and for the disposition of the property of the parties.

On August 1, 1984, appellant filed an application in the district court seeking a modification of the December 17, 1982, decree. Appellant sought to change custody of the children of

the parties to him, and moved for such further orders "as are necessary to adjudicate the rights between the parties."

Although appellee's motion is not in the record before us, the court's order disposing of the instant litigation between the parties discloses that on July 20, 1984, appellee filed a "Motion to Strike and. Set Aside Receipt." Hearing was held on appellant's application and appellee's motion, after proper notice. After appellant completed the presentation of his evidence on his application at the hearing, appellee moved to dismiss the application. The trial court granted the motion to dismiss, denied the application, and granted appellee's motion to strike. Appellant now alleges that the trial court erred in certain procedural respects during the trial, in not changing custody of the children to him, and in failing to grant appellant any credits for certain direct payments he had made to appellee. We affirm in part and in part reverse and remand.

With regard to the trial court's rulings on the procedures in trying the case, appellant assigns as error that "the Court erred in not allowing Mr. Scott [appellant] to continue his case in chief merely because of the lateness of hour, namely 8:30 o'clock p.m." The record shows that the hearing began at 9:14 a.m. on October 5, 1984, and was concluded shortly after 8:30 p.m. the same day. At that time appellant rested his case. Appellee moved for a directed verdict on appellant's application. This motion was granted. Appellant did not ask for a continuance nor move to withdraw his rest. The trial court showed great patience over a long period of time in hearing appellant's evidence on his application. Appellant's assignment of error in this regard is not only without merit but is frivolous.

With regard to the merits of the case, the court in its journal entry of October 24, 1984, summarized the issues as follows:

> The parties agreed that the issues to be tried included (1) whether custody of the minor children should be changed from the petitioner [appellant] to the respondent; (2) whether respondent should have credited to the judgments previously entered in this case against him certain payments made by respondent; and (3) whether the Receipt signed by petitioner and filed herein on December 1, 1983, should be set aside and vacated.

Our scope of review on appeal with regard to the custody issue is set out in *Parsons v. Parsons*, 219 Neb. 736, 738, 365 N.W.2d 841, 843 (1985): "A divorce decree fixing custody of minor children should not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action." Similar review standards control disposition of matters concerning judgments as to division of property and child support payments. See, *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984); *Graber v. Graber*, 220 Neb. 816, 374 N.W.2d 8 (1985).

With regard to the change of custody issue, appellant's evidence clearly shows conduct on his part of the same nature as the conduct he complains of on the part of appellee. The conduct of neither party was exemplary. After the dissolution of the parties' marriage, appellee married Daryl VandeHoef. The VandeHoef marriage was dissolved on May 21, 1984. Appellee and appellant, in the meantime, had purchased an $82,000 house in Lincoln, Nebraska, by land contract, sometime in November or December 1983. Title was to be taken in the name of Rick Scott and Catherine Scott. The evidence appears to show that both parties lived in the house with their three children, although appellant seemed to occupy the status of visitor at times. On June 2, 1984, appellee moved from the Lincoln house to Texas with the three children, with the parties' furniture, and with another man. Appellant apparently filed a complaint against appellee for felony theft of his furniture. It appears that Lincoln, Nebraska, police went to appellee's residence in Texas and seized the furniture and returned it to appellant. Appellee returned to Lincoln and the charges against her were dropped.

During all this period of time, appellee arranged for visitation of the children with appellant. Appellant exercised his rights of visitation with his children on several occasions while his girlfriends, sometimes with their children, also stayed overnight with him.

Appellant did not adduce any evidence of the particulars of appellee's conduct, nor any evidence of any adverse effect on the children. Appellant, in fact, testified that the children were

getting along "real well" in school. The children, aged 16, 14, and 10 at the time of the hearing, were not called to testify. No psychologist or other professionals testified on any issue. No evidence was offered by appellant as to where and how the children would live if he obtained custody. In short, there was no evidence presented to the trial court that the best interests of the children required any change in custody. Insofar as the evidence showed that appellee had removed the children from Nebraska without any court permission, we do not condone such actions; but we held in *Marez v. Marez*, 217 Neb. 615, 350 N.W.2d 531 (1984), that moving children out of the state of domicile to another state does not in and of itself constitute a change of circumstances requiring a change of custody, but such a move may be considered in conjunction with other evidence in making the determination as to whether a change of circumstances has occurred which would warrant a modification of the decree. In the condition of the record in this case, the trial court was correct in denying appellant's application to change custody.

With regard to the crediting of any money given by appellant to appellee on judgments owed by appellant, the evidence is such that the only logical decision that could be made was the decision made by the trial court. The trial court determined that the appellant had failed to present sufficient evidence to support a finding that appellant should be given credit against the judgments entered herein for certain payments made by him. We agree. The only evidence submitted by appellant in seeking credits on the judgment herein consisted of checks written between October 23, 1983, and June 1, 1984 (before appellee moved to Texas), together with two house expense checks and one house payment check in the approximate amount of $1,500 written thereafter. It is impossible to conclude that these payments (largely expended during a time when appellee was married to another man) were anything other than the payment of day-to-day expenses undertaken voluntarily by appellant in a living situation partly for his benefit. Other evidence showed that appellee made car payments for appellant. The parties joined in paying their expenses. Most of appellant's expenditures were for a house

bought jointly by the two parties. What has happened to that house is not shown in the record. Both parties have chosen to ignore completely the legal relationship (financial and otherwise) that existed between them. Appellant is responsible fully for all amounts due and unpaid under the dissolution decree as agreed upon between the parties on November 5, 1982—some 11 months before new and different arrangements were voluntarily entered into by appellant. We stated in *Cotton v. Cotton*, 222 Neb. 306, 307, 383 N.W.2d 739, 740 (1986), " 'The district court may, on motion and satisfactory proof that a judgment had been fully paid or satisfied by the act of the parties thereto, order it discharged and canceled of record.' " No satisfactory proof as to payments on the judgment owed by appellant was submitted to the trial court. The trial court did not err in refusing to grant appellant credit for any payments on any judgment against him in this case, outside of payments made through the court.

With regard to the third issue, however, a different problem is presented. That issue, as stated by the court, was "whether the Receipt signed by petitioner and filed herein on December 1, 1983, should be set aside and vacated."

The terms of the decree of dissolution between the parties provided in part:

3. Lots 1 and 1-A, Block 'p', Nebraska's Hidden Paradise, a subdivision of the SW1/4, 31-30-20 West, in Brown County, Nebraska and farm property owned by the parties is assigned to Rick Lee Scott subject to all encumbrances and Catherine Ann Scott is directed to execute a Warranty Deed transferring her interest in said property subject to encumbrances.

4. Rick Lee Scott will pay Catherine Ann Scott the sum of $31,500.00 at the rate of $262.50 per month, payments to start when Rick Lee Scott sells the house described as Lots 1 and 1-A, Block 'p' Nebraska's Hidden Paradise. In all events said payments shall start no later than December 1, 1983. The payments shall be without interest if timely made. Otherwise, they shall draw interest at the rate of twelve per cent per annum from and after date due until paid.

In an arrangement which can only be inferred from the evidence in this case, appellee executed a formal release of the judgment for $31,500 owing to her from appellant, and appellant deeded the land described in paragraph 3 above to himself and appellee, as tenants in common. This transfer was done by a quitclaim deed executed on November 25, 1983, and filed in the office of the register of deeds of Brown County on August 21, 1984. The receipt was recorded in the records of the district court for Brown County on December 1, 1983, and recites that

> Catherine Ann Vande Hoef, formerly Catherine Ann Scott . . . acknowledges settlement and satisfaction in full of the judgment due her from the Respondent [appellant] in the amount of $31,500.00 . . . which judgment had been entered by the Supreme Court of the State of Nebraska, modifying the earlier Decree of the District Court of Brown County, Nebraska.

There is obviously some correlation between the two documents. During her direct testimony when called by appellant's counsel, appellee admitted she had signed an agreement with appellant to execute the receipt in exchange for an interest in appellant's property in Brown County, Nebraska, described above.

As the record now stands, appellee has had her receipt canceled by order of the court in these proceedings and still is the owner of record of an undivided one-half interest in appellant's Brown County property. The trial court did not set aside appellant's deed to appellee, and, as stated in appellee's brief, "there was no request or motion by Mr. Scott before the trial court for any such relief."

While both appellant's application and appellee's motion to strike were set for hearing at the same time, evidence, however, was never submitted on appellee's motion to strike the receipt. Appellee did not move that evidence adduced on appellant's application be considered as evidence on appellee's motion, nor did she adduce any evidence of her own. There was, therefore, no evidence submitted by appellee on her motion to strike and set aside receipt. The court was in error in sustaining that motion.

The order of the trial court dismissing appellant's application is affirmed. The order of the trial court granting appellee's motion is reversed and the cause remanded.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.