JULIA C. BERG, NOW KNOWN AS JULIA C. HAYWORTH, APPELLANT,
v. DANNY L. BERG, APPELLEE.

471 N.W.2d 435

Filed July 5, 1991.   No. 89-230.

Richard S. Reiser, of Gross & Welch, P.C., for appellant.

Tom Dawson, of Dawson, Fleming & Brown, P.C., and, on brief, Richard F. Welling, of Breeling & Welling, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Julia C. Berg, petitioner, now known as Julia C. Hayworth, appeals from the order of the district court for Douglas County

granting respondent-appellee, Danny L. Berg, credit in the amount of $2,500 against child support arrearages.

The record shows that the parties were divorced in May 1977 and are the parents of Dana, Kylie, Derek, and Kevin Berg. In the dissolution proceeding, appellant was awarded custody of all four children, and appellee was ordered to pay child support of $100 per month per child.

The decree was modified in June 1982 and again on October 28, 1988. The 1982 modification did not pertain to child support. As a result of the 1988 modification, however, appellee was granted sole custody of Kevin, and appellant retained custody of the other three children. Appellee was ordered to pay appellant $150 per month per child for the support of Dana, Kylie, and Derek, and appellant was ordered to pay appellee $210 per month for the support of Kevin.

On January 5, 1989, appellant filed a motion to allow an offset of child support payments owed by her for the support of Kevin against a $5,397.50 arrearage owed by appellee for the support of the other children. Appellant apparently wanted to be excused from paying the $210 per month for approximately 25 months to make up for the amount of the arrearage. In response, on January 9, 1989, appellee filed a motion to determine child support delinquency, alleging that he should not be obligated to pay appellant arrearages accrued during extended periods of time Derek and Kevin were not in appellant's possession, but were living full time with appellee.

During the hearing, the parties agreed that Derek lived with appellee from January 7 through September 13, 1987, and that Kevin had lived with appellee since March 1987. Appellee testified that he paid for the complete support of Derek and Kevin during these periods and did not receive child support from appellant when the two children were in his possession. Appellant agreed she had not paid any child support, but testified that Derek spent 1 month with her in the summer of 1987 and that Kevin visited her 1 month each summer in 1987 and 1988.

Based on the foregoing, the trial court found that Derek lived with appellee for approximately 8 months, less 1 month's summer vacation, and credited appellee for the support of

Derek in the amount of $700. The court also found that Kevin lived with appellee from March 1987 until the date of the hearing, and noted that the dissolution decree had been modified on October 28, 1988. Accordingly, the court credited appellee for the support of Kevin for the 20 months elapsing between March 1987 and October 28, 1988, less 2 months' summer vacation for 1987 and 1988, in the amount of $1,800.

Our standard of review in child support cases is de novo on the record, and the decision of the district court will be affirmed in the absence of an abuse of discretion. *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990).

Appellant first contends the district court did not have the authority to "modify" its judgment of October 28, 1988, on the court's own motion because the modification of a judicial decree may only be made by the district court on its own motion during the term at which the order or decree was entered. Here, the term adjourned on December 31, 1988. See *Campbell v. Campbell*, 202 Neb. 575, 276 N.W.2d 220 (1979).

The record shows that the judgment of October 28, 1988, was based on appellee's "Amended Application to Modify" filed March 5, 1987, and appellant's "Answer to Amended Application to Modify and Cross-Application." Appellee's application alleged that Derek and Kevin were residing with appellee, that appellee then paid child support of $100 per month per child for four children, and that because of a substantial change in circumstances, appellee's child support should be reduced. Appellee asked that he receive custody of Derek and Kevin and that appellant be ordered to pay child support. In her answer, appellant admitted only that Derek had been living with appellee since January 7, 1987. In her cross-application, appellant alleged that "there has been a material change of circumstances since the entry of the Decree herein and that the sum of $100.00 per month per child paid by Respondent for the support of the three minor children in the custody of the Petitioner is inadequate and should be amended by an Order of this Court." The prayer is for an increase in child support and an award of attorney fees.

The transcript shows that the matter of arrearages was not brought before the court until appellant filed her motion to

allow offset of child support payments on January 5, 1989. Both parties' motions pertaining to child support arrearages were pending before the court when the court entered judgment, and the court did not "modify" its judgment of October 28, 1988, on its own motion. The argument is without merit.

Appellant also contends she had a vested property right in the $2,500 for which appellee was given credit. We have often held that child support payments are a vested right of the payee in a dissolution action as they accrue, and such payments may be changed only by modification of the decree in the court which entered it on the basis of a material change in circumstances. *Gordon v. Gordon*, 231 Neb. 857, 438 N.W.2d 762 (1989); *Ferry v. Ferry*, 201 Neb. 595, 271 N.W.2d 450 (1978); *Smith v. Smith*, 201 Neb. 21, 265 N.W.2d 855 (1978); *Schrader v. Schrader*, 148 Neb. 162, 26 N.W.2d 617 (1947); *Wassung v. Wassung*, 136 Neb. 440, 286 N.W. 340 (1939). See, also, Neb. Rev. Stat. §§ 42-364 and 42-371 (Reissue 1988). Accordingly, a court may not forgive or modify past-due child support, but may modify the amount of child support becoming due in the future. *Contra Costa Cty. ex rel. Petersen v. Petersen*, 234 Neb. 418, 451 N.W.2d 390 (1990); *Voichoskie v. Voichoskie*, 215 Neb. 775, 340 N.W.2d 442 (1983), *appeal after remand* 219 Neb. 670, 365 N.W.2d 467 (1985).

The district court may, on motion and satisfactory proof that a judgment has been paid or satisfied in whole or in part by the act of the parties thereto, order it discharged and canceled of record, to the extent of the payment or satisfaction. See, *Scott v. Scott*, 223 Neb. 354, 389 N.W.2d 567 (1986); *Cotton v. Cotton*, 222 Neb. 306, 383 N.W.2d 739 (1986). See, also, *Contra Costa Cty. ex rel. Petersen v. Petersen, supra* (respondent was credited $7,500 for monthly payments made directly to custodial parent by respondent's parents); *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990) (Social Security payments made to a parent's child on account of the parent's disability should be considered as credits toward the parent's court-ordered support obligation, in the absence of circumstances making the allowance of such a credit inequitable).

Appellant contends that appellee offered no evidence during the February 22, 1989, hearing that any payments or expenditures had been made to satisfy his obligation to pay child support. To the contrary, the record shows that appellee paid for the complete support of Derek and Kevin for definite periods of time and did not receive child support from appellant while the two children were in his possession. The facts of this case are distinguishable from those in *Scott v. Scott, supra* at 357, 389 N.W.2d at 570, where the respondent-appellant was not credited for payments "of day-to-day expenses undertaken voluntarily . . . in a living situation partly for his benefit." Under the circumstances, the district court did not abuse its discretion in crediting appellee $2,500.

The judgment of the district court is affirmed.

AFFIRMED.