ALICEANN SPEICHER, APPELLANT, V.
DOUGLAS MARTIN SPEICHER, APPELLEE.

572 N.W. 2d 804

Filed January 27, 1998.   No. A-96-1048.

Michael N. Schirber, of Schirber Law Offices, P.C., for appellant.

James A. Adams, of Cohen, Vacanti & Higgins, for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and MUES, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Aliceann Speicher appeals from a decree of dissolution entered by the district court which, inter alia, awarded her the parties' marital home, including Douglas Martin Speicher's interest in the home in satisfaction of delinquencies in temporary

child support and temporary spousal support and in lieu of granting an attorney fee. For the reasons stated herein, we affirm.

## II. BACKGROUND

Aliceann and Douglas were married on August 30, 1986. During the course of their marriage three children were born, all of whom were minors at the time of the dissolution proceedings. The names of the children and their dates of birth are as follows: Jacob, born February 12, 1987; Mitchell, born June 23, 1989; and Jillian, born November 8, 1990.

During the pendency of the proceedings, Douglas was ordered to pay temporary child support and temporary spousal support. At the time of the dissolution hearing, the clerk's office records indicated that Douglas was in arrears in his child support obligation in the sum of $2,400 and in arrears in his spousal support obligation in the sum of $3,250. The parties agreed at trial that Douglas made a payment in the sum of $1,800 to Aliceann which was not reflected in the records. No evidence was presented at trial as to whether this payment was intended to satisfy child support arrearages, spousal support arrearages, or both.

The primary asset of the parties was the marital residence. Aliceann testified that the house was valued by the assessor at $68,316. However, Aliceann presented an exhibit, as did Douglas, which indicated that the assessor's valuation of the house was actually $58,316. Neither party objected to the use of the assessor's valuation of the house as relevant evidence of the actual value. See *First Nat. Bank of York v. Critel*, 251 Neb. 128, 555 N.W.2d 773 (1996).

Aliceann acknowledged that she had valued the house at $79,000 in answers to interrogatories, apparently because Douglas had valued the house at $79,000 in his answers to interrogatories. Douglas testified at trial concerning the assessor's valuation, but further testified that he believed the actual value of the house to be approximately $70,000.

The parties agreed that the balance on the outstanding mortgage was $48,911.26. Additionally, Aliceann urged that a sales commission of $4,082, which would have to be paid in order to sell the house, should be considered in computing the equity in the house. Douglas' exhibit concerning the value of the house,

although mirroring Aliceann's exhibit concerning the assessor's valuation of the house and the mortgage balance, did not include any sales commission.

At the conclusion of trial, the district court stated the following:

I am going to award the house to Mrs. Speicher. The equity in the house is probably somewhere between five thousand and fifteen thousand dollars. The evidence just isn't real clear, and Mr. Speicher is presently in arrears after crediting the eight hundred dollars [sic], is in arrears thirty-eight fifty on the temporary order, and in return for wiping out that arrearage and ordering Mrs. Speicher to pay her own attorney's fee, as far as I am concerned, that wipes his interest out in the house. In essence that's probably in the vicinity of — that would be in the vicinity of a twelve thousand dollar equity, because in this case I normally would have allowed an attorney fee approaching two thousand dollars.

Aliceann filed this appeal.

## III. ASSIGNMENTS OF ERROR

On appeal, Aliceann has assigned three errors. However, our review of Aliceann's brief indicates that she has argued only the last two of her assigned errors. As such, we will deal only with those errors both assigned and argued on appeal.

Aliceann first asserts that the district court "erred in forgiving and abating past due child support delinquencies due from" Douglas to Aliceann under the provisions of the temporary order. Aliceann next asserts that the district court "erred in not awarding [her] reasonable attorney fees and costs."

## IV. ANALYSIS

### 1. CHILD SUPPORT DELINQUENCIES

We first address Aliceann's assertion that the district court "erred in forgiving and abating" Douglas' child support arrearages. It is true that child support payments become vested rights of the payee in a dissolution action as they accrue and that such payments may be changed only by a proper modification proceeding based upon a material change in circumstances. *Berg v. Berg*, 238 Neb. 527, 471 N.W.2d 435 (1991). Accord-

ingly, a court may not forgive or modify past-due child support but may modify the amount of child support becoming due in the future. *Id.*

However, we do not interpret the district court's action in the present case as "forgiving and abating" Douglas' arrearages. Rather, the district court acknowledged the arrearages and ordered them paid through offsetting Douglas' interest in the parties' primary asset, the marital residence, and awarding Aliceann title to that property. Although our research has not indicated any case directly on point, we do note that the Nebraska Supreme Court has, in the past, indicated that accord and satisfaction may be applied to satisfy a payor's obligation to pay child support arrearages. See, e.g., *Berg v. Berg, supra*; *Weber v. Weber*, 203 Neb. 528, 279 N.W.2d 379 (1979).

The Supreme Court has held that a district court may order a child support arrearage discharged and canceled of record to the extent the court has received satisfactory proof that the arrearage has been paid or satisfied in whole or in part by the act of the parties. *Berg v. Berg, supra.* Additionally, the Supreme Court has held that an oral agreement to suspend a right to enforce a judgment for child support may constitute an accord and satisfaction, entitling the payor to a release and satisfaction of a judgment for child support. *Weber v. Weber, supra.*

In *Reed v. Reed*, 93 A.D.2d 105, 462 N.Y.S.2d 73 (1983), the New York Court of Appeals was presented with a situation similar to the present case. In *Reed*, the trial court awarded the wife additional equity in the parties' home to offset the husband's child support arrearages and awarded the wife exclusive occupancy of the home. On appeal, the appellate court held that the action of the trial court was an inadequate method to provide for the support of the children, which required current cash. The appellate court held, however, that the decree of the trial court should be modified to award the wife the entire title to the property to offset the arrearages, which would allow the wife to sell the property or take other action to recoup the arrearages.

The district court in the present case took the action recommended by the appellate court in *Reed v. Reed, supra*, and awarded Aliceann the entire interest in the marital residence. In reviewing these actions of the trial court, we are mindful of our

standard of review, which is that we review the case de novo on the record and affirm the decision of the district court in the absence of an abuse of discretion. See *Berg v. Berg, supra.*

Douglas' child support arrearage was $2,400 prior to his receipt of credit for a cash payment made directly to Aliceann. The record indicates that Douglas made a cash payment to Aliceann of $1,800, although the record does not indicate conclusively whether that sum was intended to be applied toward the child support arrearage, the spousal support arrearage, or both. On the facts of this case, we cannot say that the district court abused its discretion in offsetting the child support arrearage of $2,400, at the most, and $600, at the least, by awarding Aliceann the marital home in satisfaction of the arrearage. As such, Aliceann's first assigned error is without merit.

### 2. ATTORNEY FEES

Aliceann also asserts that the trial court erred in failing to award her an attorney fee. Again, our review of the district court's actions indicates that the court awarded her the home in satisfaction of, or in lieu of, inter alia, a cash award of an attorney fee. The court specifically found that the equity in the home was approximately $12,000, a finding which is not appealed from. Aliceann was awarded Douglas' $6,000 interest in the home in satisfaction of the temporary arrearages, as discussed above, and in lieu of a cash attorney fee. The sum total of the child support and spousal support arrearages approached approximately $4,000, and the court indicated that the remainder of Douglas' equity was awarded to Aliceann in lieu of a cash award of an attorney fee which the court "normally would have allowed . . . approaching two thousand dollars." This assigned error is also without merit.

### V. CONCLUSION

Because we conclude that the district court did not forgive or abate the child support arrearage and did not err in failing to specifically award an attorney fee, we affirm.

AFFIRMED.