FRANCES DARTMANN, APPELLEE, V.
STEVEN DARTMANN, APPELLANT.
717 N.W.2d 519

Filed July 3, 2006.   No. A-05-1021.

Bryan C. Meismer for appellant.

Lori McClain Lee, of Legal Aid of Nebraska, for appellee.

IRWIN, SIEVERS, and MOORE, Judges.

MOORE, Judge.

### INTRODUCTION

Steven Dartmann appeals from the order of the district court for Pierce County that denied his postdecree motion concerning child support, in which motion he argued that because the decree of dissolution did not specifically preserve the accrued temporary child support, those arrearages were effectively terminated. We affirm.

## BACKGROUND

A decree of dissolution of the marriage of Steven and Frances Dartmann was entered on April 14, 2005. The relevant portions of the decree ordered the parties to comply with the terms of their settlement agreement, including a provision that required Steven to pay child support for their minor children in the amount of $190.58 per month, commencing May 1. The settlement agreement also stated, in part, that the stipulation "is made in good faith, and for the purpose of settling all matters pertaining to child custody [and] child support." No appeal was taken from the order, but on July 14, Steven filed a "Motion to Enforce Divorce Decree Correct Child Support Record." In such motion, Steven alleged that although the decree contained no provision preserving the temporary orders which had been entered by the court, the clerk of the district court was reporting Steven's accumulated temporary child support arrearage as a continuing obligation, and that the Child Support Enforcement Office was attempting to collect the unpaid temporary child support. Steven asked the court to issue an order "compelling the Clerk of the Pierce County District Court to correct the record of the Child Support Enforcement Office so that it is consistent with the language of the Final Order" and to order the Child Support Enforcement Office, the clerk of the district court, and Frances to cease and desist from attempting to collect temporary child support. At the hearing on Steven's motion, he introduced into evidence his affidavit that stated he had entered into the settlement agreement because of his understanding that he would not be obligated to pay the accrued temporary child support.

The district court denied Steven's motion, finding that Steven is obligated to pay the temporary child support arrearage that accumulated during the pendency of the action. Steven appeals.

## ASSIGNMENT OF ERROR

Steven asserts that the district court erred in obligating him to perform an act that was not part of the final decree of dissolution.

## STANDARD OF REVIEW

■ The standard of review of an appellate court in child support cases is de novo on the record, and the decision of the trial

court will be affirmed in the absence of an abuse of discretion. *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999).

To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. *Hartman v. Hartman*, 261 Neb. 359, 622 N.W.2d 871 (2001).

## ANALYSIS

Steven argues that the meaning of the decree is to be determined as a matter of law from the four corners of the decree, citing *Boyle v. Boyle*, 12 Neb. App. 681, 684 N.W.2d 49 (2004). Steven asserts that because there is no language in the decree or settlement agreement regarding the temporary child support order, the temporary support is not preserved. We disagree.

Neb. Rev. Stat. § 42-369(4) (Reissue 2004) provides, in part, that "[o]rders, decrees, and judgments for temporary or permanent support or alimony . . . have the force and effect of judgments when entered." Child support payments become a vested right of the payee in a dissolution action as they accrue. *Gress, supra.* See *Berg v. Berg*, 238 Neb. 527, 471 N.W.2d 435 (1991). A court may not forgive or modify past-due child support. *Berg, supra.* However, the district court may, on motion and satisfactory proof that a judgment has been paid or satisfied in whole or in part by the act of the parties thereto, order it discharged and canceled of record, to the extent of the payment or satisfaction. *Id.* In *Speicher v. Speicher*, 6 Neb. App. 439, 572 N.W.2d 804 (1998), this court applied these principles in a case involving accrued temporary child support and found that the trial court acted properly in offsetting temporary child support arrearages with the husband's interest in the family home. We concluded that the trial court did not forgive or abate the child support arrearage. The case law is clear that the district court's ability to discharge an arrearage of child support hinges on satisfactory proof that a judgment has been fully paid or satisfied by the act of both parties.

In the present case, there is no evidence to show that Steven's accrued temporary child support was ever "paid or satisfied" by any act of the parties. We find that the statute and case law cited above applies in a situation where the decree is silent with respect

to accrued, unpaid temporary child support. Steven's argument is without merit.

### CONCLUSION

We affirm the district court's denial of Steven's motion to enforce the divorce decree and the court's finding that Steven is obligated to pay the temporary child support arrearage.

AFFIRMED.