GREGORY ALAN DAVIS, APPELLANT, V.
JUANITA ALVAREZ DAVIS, APPELLEE.
660 N.W.2d 162

Filed April 24, 2003. No. S-01-1239.

Michael W. Heavey, of Colombo & Heavey, P.C., for appellant.

Eileen Reilly Buzzello, of Holthaus Law Offices, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Gregory Alan Davis appeals from an order of the district court for Sarpy County entering judgment in favor of Gregory's exwife, Juanita Alvarez Davis. The issues raised in this case are whether Gregory's application filed in district court was an attempt to modify or enforce the parties' dissolution decree and whether the district court had the authority to provide Gregory with his requested relief.

## BACKGROUND

Gregory and Juanita's marriage ended when the district court entered a dissolution decree in 1993. Among other things, the decree ordered Juanita to pay child support to Gregory in the amount of $150 per month commencing August 1, 1993, and continuing until further order of the court. The decree also ordered a division of numerous items of personal property between the parties as well as an equal division of several marital debts. Finally, the decree ordered that upon Gregory's retirement from the U.S. Air Force, Juanita was to be awarded as property settlement 27.5 percent of Gregory's monthly retirement benefits. Juanita appealed the final decree to the Nebraska Court of Appeals. In an unpublished opinion, the Court of Appeals slightly modified the division of the marital debts, but otherwise affirmed the district court's decision. *Davis v. Davis*, No. A-93-756, 1994 WL 135220 (Neb. App. April 19, 1994) (not designated for permanent publication).

On January 19, 2001, Gregory filed an "Amended Application to Determine Amounts Due Pursuant to Decree and to Enforce Decree by Set Off" in the district court. In count I of the application, Gregory alleged that Juanita had failed to pay her share of the marital debts and that Gregory had been required to pay Juanita's share of the debts. In count II of the application, Gregory alleged that Juanita had failed to pay any child support to Gregory. In count III of the application, Gregory alleged that Juanita had failed to give Gregory those items of personal property awarded to him in the final decree and that he had suffered damages as a result. Finally, Gregory alleged that he had received $18,088.48 in retirement benefits to which Juanita was entitled. Gregory prayed for an order:

1. Finding and ordering that there is due to [Gregory], from [Juanita], pursuant to the provisions of the Decree and Modification entered herein, the sum of $40,102.04 principal, together with interest thereon in the amount of $33,396.94 through December 31, 2000, together with accruing interest;

2. Finding and ordering that all future Air Force retirement benefits payable to [Juanita] from Defense Finance and Accounting Service be delivered by Defense Finance and Accounting Service to the Clerk of the District Court of Sarpy County, Nebraska, for application to the satisfaction of the amount found to be due to [Gregory] until such time as said amount is paid, in full, along with all interest, court costs and attorney's fees allowed by the Court;

3. Awarding [Gregory] his court costs incurred herein, including a reasonable sum for the attorney's fees incurred in the prosecution of this proceeding; and,

4. Granting such other and further relief as the Court deems just.

In her answer, Juanita denied the material allegations of Gregory's application and affirmatively alleged that the district court was without jurisdiction over counts I and III of Gregory's application.

Each party filed a motion for summary judgment. Juanita's motion was unaccompanied by any supporting evidence, thus, it was treated as a motion for judgment on the pleadings.

In its August 29, 2001, order, the district court concluded that there was no dispute that Juanita had failed to make any child support payments to Gregory and that Gregory was entitled $6,314.54. The district court also concluded that there was no dispute that Juanita was entitled to $18,088.48 in retirement benefits which were paid to Gregory.

As to counts I and III of Gregory's application, the district court found that the application was an attempt to modify the final decree by ordering Juanita to reimburse Gregory for her share of the unpaid marital debts and by ordering Juanita to pay Gregory an amount representing the value of the personal property awarded to Gregory in the decree. The court, citing *Bokelman v. Bokelman*, 202 Neb. 17, 272 N.W.2d 916 (1979), found that a property division in a dissolution decree was not subject to modification and that, therefore, the court had no jurisdiction to grant Gregory the relief sought in counts I and III. After offsetting the retirement benefits against the child support debt, the court entered judgment for Juanita in the amount of $11,773.94. Gregory's motion for new trial was overruled, and Gregory appealed.

## ASSIGNMENTS OF ERROR

Gregory assigns that the district court erred (1) in determining that it lacked jurisdiction to enforce its decree; (2) in determining that it lacked jurisdiction to determine the amounts due to Gregory under certain property settlement provisions of the decree while simultaneously determining that it possessed jurisdiction to determine amounts due to Juanita under other property settlement provisions of the decree; (3) in refusing to determine the amount due to Gregory for the personal property which had been awarded to him, but which Juanita converted to her own use and benefit; (4) in refusing to determine the amount due to Gregory for payment of Juanita's share of the marital debts of the parties; (5) in failing to award Gregory prejudgment interest on the money which he paid out and on the value of the personal property which was awarded to Gregory and converted by Juanita; (6) in awarding Juanita a judgment against Gregory when the total amount owed to Gregory exceeded the amount of the credit to which Juanita was entitled; and (7) in making an

unauthorized grant of relief extraneous to the issues raised by
the pleadings in the form of a judgment in favor of Juanita.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings, deposi-
tions, admissions, stipulations, and affidavits in the record dis-
close that there is no genuine issue as to any material fact or as
to the ultimate inferences that may be drawn from those facts
and that the moving party is entitled to judgment as a matter of
law. *American Fam. Mut. Ins. Co. v. Hadley,* 264 Neb. 435, 648
N.W.2d 769 (2002).

■ A jurisdictional question which does not involve a factual
dispute is determined by an appellate court as a matter of law.
On a question of law, an appellate court is obligated to reach a
conclusion independent of the determination reached by the
court below. *In re Interest of Anthony R. et al.,* 264 Neb. 699,
651 N.W.2d 231 (2002).

## ANALYSIS

■ The issue in this case is whether the application filed by
Gregory is an attempt to enforce or modify the terms of the
divorce decree. "We have . . . consistently held that a property
division in a dissolution of marriage decree from which no
appeal is taken is not subject to modification, and ordinarily will
not thereafter be vacated or modified as to such property provi-
sions in the absence of fraud or gross inequity." *Bokelman v.
Bokelman,* 202 Neb. 17, 21, 272 N.W.2d 916, 919 (1979). Thus,
if the district court was correct in characterizing Gregory's appli-
cation as one attempting to modify the divorce decree, it was also
correct in finding that it had no authority to enter judgment in
Gregory's favor for the value of the personal property awarded to
him or for the marital debts. However, if Gregory's application is
instead an attempt to enforce the divorce decree, the district court
erred in finding that it had no jurisdiction over counts I and III of
the application. A court that has jurisdiction to make a decision
also has the power to enforce it by making such orders as are
necessary to carry its judgment or decree into effect. *Laschanzky
v. Laschanzky,* 246 Neb. 705, 523 N.W.2d 29 (1994).

We first consider whether Gregory's request to order Juanita
to pay him her share of the marital debts is an enforcement or

modification of the decree. In *Dennis v. Dennis*, 6 Neb. App. 461, 574 N.W.2d 189 (1998), a divorce decree ordered the husband to make the payments on a home equity loan. He did not make the payments, and the wife was required to pay off the loan to avoid foreclosure on the home, which had been awarded to her. The wife filed an application to modify the decree in district court, praying that the husband be ordered to pay her the amount she had to pay to satisfy the loan. The Court of Appeals stated that "the relief she sought, a judgment for the amount she paid . . . was actually not in the nature of a *modification*, but, rather, a determination of amounts due under the decree and an award to her of said amounts." (Emphasis in original.) *Id.* at 463, 574 N.W.2d at 191. The court held:

> In sum, we view the action taken by the district court as nothing more and nothing less than enforcing that portion of the decree which obligated [the husband] to hold [the wife] harmless from the debt. As an example, and on a smaller scale, had the decree obligated [the husband] to pay a credit card debt of $2,000 holding [the wife] harmless on the debt and he failed to do so, resulting in a suit against [the wife] who, before judgment (or after for that matter) borrowed funds from a third person to pay the amount owing, there is little doubt that an order for [the husband] to reimburse that amount to [the wife] would be appropriate.

*Id.* at 465, 574 N.W.2d at 192.

*Dennis* is on point with one aspect of the case at bar. The final decree entered by the district court in this case ordered that "all marital debts . . . are deemed marital debts and *each party shall pay 50% of those debts*." (Emphasis supplied.) The particular relief sought by Gregory in his application is an attempt to enforce the precise obligation imposed on Juanita by the decree, that is, to pay 50 percent of the marital debts. Whether those payments are directed to Gregory or another is immaterial. As this request by Gregory is an attempt to enforce the decree, the district court erred in finding that it had no jurisdiction over count I of the application.

We next consider whether an order that Juanita pay Gregory the value of the personal property awarded to him in the decree is an enforcement or modification of the decree. Juanita argues that

this issue is controlled by *Sturdevant v. Sturdevant*, 5 Neb. App. 502, 560 N.W.2d 864 (1997). In *Sturdevant*, a divorce decree awarded the husband certain items of personal property and also ordered the husband to pay his wife a lump-sum alimony award. The husband later filed a motion for discharge of lump-sum alimony, alleging that his wife converted the property awarded to him to her own use. He asked the district court to apply the value of the lost property as a credit against the lump-sum alimony award. The district court found that the wife did not convert the property and declined to apply any amount as a credit against the alimony award. On appeal, the Court of Appeals concluded that the husband "was attempting to modify the parties' decree" and that "[t]he district court was without authority to modify the decree in these proceedings under either Neb. Rev. Stat. § 25-2001 (Reissue 1995) or its independent equity jurisdiction." *Sturdevant*, 5 Neb. App. at 506, 560 N.W.2d at 867.

We decline to apply *Sturdevant* to the present case because *Sturdevant* is distinguishable from the present case. The Court of Appeals in *Sturdevant* found that the district court did not err in finding that the wife did not convert any of the husband's personal property. Here, Gregory presented unrefuted evidence that Juanita had converted to her own use the personal property awarded to him in the decree. In addition, *Sturdevant* was a case seeking to modify an award of alimony. It is well known that pursuant to Neb. Rev. Stat. § 42-365 (Reissue 1998), alimony orders may be modified or revoked for good cause shown. *Bowers v. Scherbring*, 259 Neb. 595, 611 N.W.2d 592 (2000). Gregory's request that he be awarded the value of the personal property awarded to him in the decree and converted by Juanita was an enforcement of the divorce decree. As such, the district court erred in finding that it had no jurisdiction over count III of the application.

Finally, we consider Gregory's retirement benefits. The decree ordered that 27.5 percent of Gregory's Air Force retirement benefits be awarded to Juanita. Gregory has received $18,088.48 in retirement benefits to which he admits Juanita is entitled. The district court offset against this amount the child support debt of $6,314.54. Gregory requests that this net amount of $11,773.94 be set off against any amount owed to him and that 100 percent of the retirement benefits be awarded to him in the future until any

amount owed to him by Juanita is satisfied. We determine that Gregory may offset the $11,773.94 owed to Juanita against the amount owed to him for Juanita's share of the marital debt and personal property. We decline to modify the property settlement agreement so as to change the payee from Juanita to the clerk of the district court as requested by Gregory.

■ Gregory also assigns that the district court erred in failing to award prejudgment interest on "the money which he paid out" and on the value of the personal property. Prejudgment interest is available only when a claim is liquidated, that is, when there is no reasonable controversy either as to the plaintiff's right to recover or as to the amount of such recovery. There must be no dispute either as to the amount or as to the plaintiff's right to recover. *Blue Tee Corp. v. CDI Contractors, Inc.*, 247 Neb. 397, 529 N.W.2d 16 (1995). We conclude that Gregory's claim is unliquidated. The district court did not err in failing to award prejudgment interest.

## CONCLUSION

The district court awarded Gregory $6,314.54, representing past-due child support. The district court further awarded Juanita $18,088.48, representing her share of Gregory's retirement benefits. After offsetting these amounts, the district court entered judgment in favor of Juanita in the amount of $11,773.94. We affirm this award.

For the reasons set forth above, we conclude that the district court erred in finding that it did not have the authority to award Gregory amounts representing (1) the value of the personal property awarded to him in the decree and (2) Juanita's 50-percent share of the marital debts. Gregory offered undisputed evidence that these amounts were $4,806 and $44,378.53, respectively. Thus, we conclude that Juanita should be ordered to pay Gregory the sum of $49,184.53. After offsetting the $11,773.94 owed to Juanita, we enter judgment in favor of Gregory and against Juanita in the amount of $37,410.59.

AFFIRMED AS MODIFIED.