276 Neb. 199
MICHAEL HOWARD MARCOVITZ, NOW KNOWN AS AARON CHAIM MARCOVITZ, APPELLEE, V. MARY PATRICIA ROGERS, NOW KNOWN AS MARY PATRICIA ROGERS-FARKAS, APPELLANT. AARON CHAIM MARCOVITZ, APPELLEE,
v.
MARY PATRICIA ROGERS-FARKAS, APPELLANT.
No. S-06-800, No. S-07-414.
Court of Appeals of Nebraska.
Filed July 25, 2008.
Edmond E. Talbot III, of Talbot & Truhlsen Law Offices, L.L.P., for appellant.
Peter C. Wegman, of Rembolt Ludtke, L.L.P., for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
The issue presented in these appeals is whether Aaron Chaim Marcovitz, formerly known as Michael Howard Marcovitz, can enforce an acceleration clause contained in a "promissory note" signed by his former wife, Mary Patricia Rogers-Farkas, formerly known as Mary Patricia Rogers (Rogers-Farkas). We conclude that the acceleration clause is unenforceable, because it is inconsistent with the parties' modified decree of dissolution.

BACKGROUND
The parties to these consolidated appeals have been to this court before. As relevant, in Marcovitz v. Rogers,[1] we affirmed the decree of dissolution entered by the Dodge County District Court, but modified it, ordering Rogers-Farkas to pay alimony of $2,000 per month for 10 years, to terminate upon Marcovitz' remarriage or the death of either party.
As a result of the alimony award, Marcovitz obtained an alimony lien on the former marital residence. Rogers-Farkas was trying to sell the residence and asked Marcovitz to release the alimony lien. Marcovitz only agreed to do so in August 2005, in exchange for a "promissory note" in the amount of $174,000 approximately the total amount remaining on the alimony award. Rogers-Farkas agreed and signed the note.
Because the provisions of the note are the subject of this appeal, we describe them in some detail. In the note, Rogers-Farkas promised to pay Marcovitz "the principal sum of One Hundred and Seventy-four Thousand Dollars ($174,000[.]00)," plus interest. The note required repayment as follows:
Principal and interest shall be payable at the Nebraska Child Support Payment Center, or such other place as the Note holder may designate, in consecutive monthly installments of Two Thousand Dollars ($2,000.00), on the 1" day of each month beginning September 1, 2005. Such monthly installments shall continue until the entire indebtedness evidenced by this Note is fully paid, except that any remaining indebtedness[,] if not sooner paid, shall be due and payable on November 30, 2012[.] The indebtedness is pursuant to an Order of Spousal Support entered by the District Court of Dodge County[.]

If any monthly installment under this Note is not paid when due and remains unpaid after said due date, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder[.]
(Emphasis supplied.) And the note did not provide for termination of the obligation upon Marcovitz' remarriage.
Alleging that Rogers-Farkas had missed some payments, Marcovitz invoked the acceleration clause and filed an action on the note in Douglas County District Court, for $174,000 plus interest. Rogers-Farkas answered, alleging duress as an affirmative defense and asserting a counterclaim seeking reformation of the note to remove the acceleration clause. Marcovitz filed a motion for summary judgment, which the court granted, entering judgment for Marcovitz in the amount of $174,000, less any payments already received.
A little over a month later, Marcovitz remarried. Marcovitz sought garnishment in aid of execution on the judgment, and Rogers-Farkas moved to vacate the judgment, arguing in part that Marcovitz' remarriage was supposed to terminate alimony. The court overruled Rogers-Farkas' motion and granted summary judgment against Rogers-Farkas' counterclaim.
Rogers-Farkas appealed, but the Nebraska Court of Appeals concluded, in a memorandum opinion, that the promissory note was enforceable.[2] The Court of Appeals found no evidence of duress, noting that Marcovitz' demands had been lawful and that he had provided adequate consideration for the note. And the Court of Appeals found no fraud or inequitable conduct supporting reformation, or a mutual or unilateral mistake. The Court of Appeals did not discuss Rogers-Farkas' argument that the award should have been vacated or the note reformed because it conflicted with the decree of dissolution. The Court of Appeals affirmed the district court's judgment. We granted Rogers-Farkas' petition for further review and ordered the case to be submitted without argument.[3]

ASSIGNMENTS OF ERROR
Rogers-Farkas assigns, consolidated and restated, that the Court of Appeals erred in (1) concluding that the note was not the result of duress, (2) not finding evidence of mutual or unilateral mistake warranting reformation of the note, (3) not finding that summary judgment was precluded by Rogers-Farkas' counterclaim for fraud and reformation, and (4) not finding that the note was controlled by the decree of dissolution.
The action on the note, in Douglas County District Court, is on appeal in case No. S-07-414. Rogers-Farkas also assigns error to issues unrelated to the note, which were presented to the Court of Appeals in a consolidated appeal, case No. S-06-800. But Rogers-Farkas did not argue those issues in her memorandum brief, and we do not consider them.[4] Because none of Rogers-Farkas' assigned and argued errors relate to case No. S-06-800, the judgment in that case will be affirmed.

STANDARD OF REVIEW
[1,2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[5] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[6]

ANALYSIS
We begin with Rogers-Farkas' argument that the note is unenforceable to the extent it conflicts with the decree of dissolution, because we find that argument to be dispositive of this appeal.
[3,4] When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable.[7] If one party wants to modify an alimony award, a proceeding to modify or revoke an order for alimony for good cause shall be commenced by filing a complaint to modify.[8] Good cause for modifying or revoking an alimony order means a material and substantial change in circumstances and depends upon the circumstances of each case.[9] Good cause is demonstrated by a material change in circumstances, but any changes in circumstances which were within the contemplation of the parties at the time of the decree, or that were accomplished by the mere passage of time, do not justify a change or modification of an alimony order.[10]
[5-7] The parties to a marriage may enter into a written settlement agreement to settle disputes attendant upon separation of their marriage, including a dispute over modification of a previous decree.[11] Where a party to a divorce action, represented by counsel, voluntarily executes a property settlement agreement which is approved by the court and incorporated into a divorce decree, it will not thereafter be vacated or modified as to such provisions, in the absence of fraud or gross inequity.[12] But the key to that proposition is that the agreement be "approved by the court." Pursuant to § 42-366, the court has an independent duty to evaluate the terms of an agreement and ensure that they are not unconscionable before incorporating them into a decree.
[8] The error committed by the trial court and Court of Appeals in this case was treating the "promissory note" as if it was simply part of a contractual arrangement between the parties. A promissory note is lain unconditional written promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person."[13] While that literal definition may have been met, the only debt that Rogers-Farkas promised to pay was the alimony obligation that she already owed. Rogers-Farkas simply promised to pay what she was to pay under the decree, in the manner generally required for making alimony paymentsexcept that, according to Marcovitz, the alimony could be accelerated and no longer terminated on Marcovitz' remarriage.
The note, however, was absolutely clear that the underlying obligation was found in the decree of dissolution: the "Order of Spousal Support entered by the District Court of Dodge County." The intent and effect of the note were not to create a debt, but, instead, to modify the terms of the preexisting obligation created by the decreewithout the approval of the court.
[9,10] While an action on a promissory note is an action at law,[14] reformation sounds in equity.[15] And a court of equity will look to the substance of a transaction, rather than give heed to the mere form it may assume.[16] In this case, while the form of the transaction was a promissory note, the substance of it was an impermissible attempt to modify a decree of dissolution without the approval of the court, and without satisfying the statutory requirements for such a modification.
In the absence of a valid modification of the decree, the terms for payment of Rogers-Farkas' alimony obligationthe indebtedness that is the basis for the purported noteare still contained in the decree, not the note. To the extent that the note purports to modify the terms of Rogers-Farkas' alimony obligation in a manner that conflicts with the decree, the decree controls instead of the note. The acceleration clause, in particular, would have been of dubious validity even had it been ordered by the court.[17] But it was not, and it is clearly unenforceable. The district court, and Court of Appeals, erred in concluding otherwise.
We note the suggestion in the record that Marcovitz has remarried and Rogers-Farkas' belief that her alimony obligation should be terminated as a result. That issue is not before us. The appeal in case No. S-06-800 was taken from the Dodge County District Court before any request to terminate alimony was made, and the appeal in case No. S-07-414 is from Marcovitz' attempt in Douglas County District Court to collect on the note. Thus, although our reasoning with respect to the acceleration clause may be relevant to Rogers-Farkas' argument about remarriage, in these appeals, we do not directly reach the issue presented by Marcovitz' remarriage.

CONCLUSION
As previously noted, the judgment in case No. S-06-800 is affirmed. The judgment in case No. S-07-414 is reversed, and the cause is remanded to the Court of Appeals with directions to reverse the judgment of the district court.
JUDGMENT IN No. S-06-800 AFFIRMED. JUDGMENT IN No. S-07-414 REVERSED, AND CAUSE REMANDED WITH DIRECTIONS.
NOTES
[1] Marcovitz v. Rogers, 267 Neb. 456, 675 N.W.2d 132 (2004).
[2] Marcovitz v. Rogers, Nos. A-06-800, A-07-414, 2008 WL 373168 (Neb. App. Feb. 12, 2008) (selected for posting to court Web site).
[3] See Neb. Ct. R. App. P. § 2-111(B)(1).
[4] See, Neb. Ct. R. App. P. § 2-102(G); US Ecology v. Boyd Cty. Bd. of Equal., 256 Neb. 7, 588 N.W.2d 575 (1999).
[5] County of Hitchcock v. Barger, 275 Neb. 872, 750 N.W.2d 357 (2008).
[6] Id.
[7] Neb. Rev. Stat. § 42-365 (Reissue 2004).
[8] See id.
[9] Finney v. Finney, 273 Neb. 436, 730 N.W.2d 351 (2007).
[10] Pope v. Pope, 251 Neb. 773, 559 N.W.2d 192 (1997).
[11] See, Neb. Rev. Stat. § 42-366 (Reissue 2004); Bevins v. Getttnan, 13 Neb. App. 555, 697 N.W.2d 698 (2005).
[12] See Hoshor v. Hoshor, 254 Neb. 743, 580 N.W.2d 516 (1998).
[13] Black's Law Dictionary 1089 (8th ed. 2004).
[14] See Schuelke v. Wilson, 255 Neb. 726, 587 N.W.2d 369 (1998).
[15] See CAE Vanguard, Inc. v. Newman, 246 Neb. 334, 518 N.W.2d 652 (1994).
[16] Mackiewicz v. J.J. & Associates, 245 Neb. 568, 514 N.W.2d 613 (1994).
[17] Cf. Gibson v. Gibson, 147 Neb. 991, 26 N.W.2d 6 (1947).