IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

DEHART V. DEHART

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ALBERT MASON DEHART, APPELLANT,
V.
JODY LYNN DEHART, APPELLEE.

Filed November 4, 2014.    No. A-13-889.

Appeal from the District Court for Chase County: DAVID URBOM, Judge. Affirmed.

Rory J. Roundtree, of Pierce Law Office, for appellant.

Jody Lynn DeHart, pro se.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

RIEDMANN, Judge.

INTRODUCTION

Albert Mason DeHart appeals the order of the district court for Chase County which denied Albert's motion to quash garnishment. Finding no merit to his assertions on appeal, we affirm.

BACKGROUND

The marriage of Albert and Jody Lynn DeHart was dissolved by the district court for Chase County on June 21, 2010. The decree assigned marital assets and debts between the parties. Pertinent to this action, Jody was awarded her vehicle, a 2007 Ford 500 Limited. Albert and Jody were each ordered to pay one-half of two loans owed to Adams Bank & Trust. In addition, Albert was ordered to pay alimony to Jody in the amount of $150 per month for 120 months, an amount which was later reduced to $75 per month for the remaining 118 months. Finally, under the decree, Albert was ordered to pay $1,000 toward Jody's attorney fees.

When Jody was unable to satisfy her portion of the debt owed to Adams Bank & Trust, she gave her vehicle to the bank. In exchange, she received a $5,000 credit toward her portion of the loans. The bank issued a handwritten letter dated July 27, 2010, which reads:

> Jody . . . is giving the 500 back to the Bank. We will sell the vehicle [and] apply to the notes owed to Adams Bank & Trust. This giving [of] the 500 car back takes the responsibility of the notes due off of Jody. [Albert] agrees to pay [the] [b]alance of [the] notes.

The letter was signed by Albert, Jody, and a bank representative. A similar letter sent from the bank to Jody was also admitted into evidence at the garnishment hearing. This letter assured Jody that the two loans owed by Albert and Jody to the bank were paid in full. The letter indicates that Albert took full responsibility for both of the loans and that Jody was no longer liable for any payments toward the notes.

Albert never made any alimony payments to Jody. He believed that he was entitled to set off any alimony indebtedness because he agreed to pay the remaining balance of Jody's portion of the loans to the bank. As a result of Albert's refusal to pay alimony, Jody filed an affidavit and praecipe for summons in garnishment. Albert then moved to quash the garnishment and requested a hearing.

The above-described evidence was presented at the hearing. Thereafter, the district court entered an order denying Albert's motion to quash garnishment. The court found that Albert was not entitled to any setoff of the alimony or attorney fees judgment, because he voluntarily assumed the balance of the debt to Adams Bank & Trust after Jody surrendered her vehicle as partial payment. Albert filed a motion for new trial, which was denied. This timely appeal followed.

## ASSIGNMENTS OF ERROR

Albert assigns that the district court erred in (1) rejecting his attempt to enforce the decree and (2) modifying the decree with a collateral agreement that had not been court approved.

## STANDARD OF REVIEW

Garnishment is a legal proceeding. To the extent factual issues are involved, the findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong. *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

## ANALYSIS

Albert argues that the district court erred in rejecting his attempt to enforce the decree. We disagree that through his motion to quash garnishment, Albert was merely attempting to enforce the decree and find that it was Albert, not Jody, who was attempting to modify the dissolution decree.

The district court has the inherent power and retains a continuing jurisdiction to determine the amounts due and to enforce judgments for alimony and child support. *Roach v. Roach*, 192 Neb. 268, 220 N.W.2d 27 (1974). We note, however, that Albert is not attempting to enforce the terms of the divorce decree; rather, he is seeking to modify the alimony provisions.

The divorce decree specifically provides for monthly alimony payments of $150 per month beginning on August 1, 2010, an amount which was later reduced to $75 per month for the remaining 118 months. These are the payments for which Jody sought to garnish Albert's wages. Albert claims that because of the collateral agreement between the parties relating to debts apportioned under the decree, he was entitled to a setoff of his alimony payments. This constitutes a modification of the decree, not enforcement of the decree. See, e.g., *Wilson v. Wilson*, 19 Neb. App. 103, 803 N.W.2d 520 (2011) (determining that attempt to set off amounts owed under decree by expenses incurred subsequent to decree constituted modification). Therefore, because Albert was not simply attempting to enforce the decree, the district court did not err in denying the motion to quash garnishment.

Albert also argues that the district court erred in modifying the decree with a collateral agreement that had not been court approved. We note that the order appealed from was a denial of Albert's motion to quash, and we find no error in that determination. The basis for the court's decision was that Albert was "not entitled to any set off of the alimony judgment or the attorney fee judgment because he voluntarily assumed the balance of the indebtedness to Adams Bank & Trust after [Jody] surrendered her automobile as partial payment." We reject the court's reasoning, however, because such a determination constitutes an inappropriate modification of the property division contained in the parties' decree. A property division in a dissolution of marriage decree from which no appeal is taken is not subject to modification, and ordinarily will not thereafter be vacated or modified as to such property provisions in the absence of fraud or gross inequity. *Davis v. Davis*, 265 Neb. 790, 660 N.W.2d 162 (2003). The court concluded that Albert voluntarily assumed Jody's remaining portion of the loans and, therefore, released her from liability for debts that had been specifically apportioned to her in the decree. This constitutes an improper modification of the decree, because the appropriate procedures for bringing and resolving an application to modify the decree were not followed and the court was without authority to modify the decree. See *Wilson v. Wilson, supra*, and *Davis v. Davis, supra*. Because the only issue before us in this appeal is whether the district court erred in denying Albert's motion to quash the garnishment, we make no comment as to whether the dissolution decree could or should be modified to reflect the collateral agreement between the parties.

Despite our disagreement with the district court's reasoning, we affirm its decision denying Albert's motion to quash garnishment. In the absence of a valid modification of the decree, the terms for payment of Albert's alimony obligation are still contained in the decree, and the decree controls. See *Marcovitz v. Rogers*, 276 Neb. 199, 752 N.W.2d 605 (2008). The decree ordered Albert to pay alimony to Jody and to pay $1,000 toward her attorney fees. He has not done so. Accordingly, we find no error in the district court's denial of Albert's motion to quash garnishment.

CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.