IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

WELCH V. WELCH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

DONALD L. WELCH, APPELLANT,

V.

HEATHER L. WELCH, APPELLEE.

Filed February 17, 2015.    No. A-14-540.

Appeal from the District Court for Frontier County: DAVID URBOM, Judge. Reversed and remanded for further proceedings.

Kent A. Schroeder, of Ross, Schroeder & George, L.L.C., for appellant.

James R. Korth and Trevor Perkins, of Reynolds, Korth & Samuelson, P.C., L.L.O., for appellee.

MOORE, Chief Judge, and IRWIN and RIEDMANN, Judges.

MOORE, Chief Judge.

Donald Welch appeals from an order of the district court for Frontier County which dismissed his complaint to modify a decree of dissolution. The issue raised in this case is whether Donald's complaint to modify the property division portion of the decree of dissolution contained sufficient allegations to survive Heather Welch's motion to dismiss. We conclude that the district court erred when it dismissed Donald's complaint.

FACTUAL BACKGROUND

On September 9, 2013, Donald and Heather's marriage was dissolved pursuant to a decree of dissolution. Among its provisions, the decree awarded Heather primary custody of the parties' two daughters subject to Donald's parenting time, divided the parties' assets and debts, and denied Heather's request to remove the children from Nebraska.

- 1 -

The primary issue regarding property division at the dissolution trial was the valuation of Donald's 50-percent interest in Welch Land and Cattle, LLC. Both parties retained experts who provided a valuation of Donald's interest in this entity. The district court adopted the $268,514 valuation reached by Heather's expert. After awarding Donald his entire interest in Welch Land and Cattle and dividing the parties' other assets and debts, the court ordered Donald to pay Heather a $100,000 equalization payment. The court ordered Donald to pay this amount through four separate payments: an initial sum of $40,000 by December 31, 2013, and three annual installments of $20,000. Neither party appealed from the decree of dissolution.

On April 22, 2014, Donald filed a pleading styled as a "Complaint for Modification of Decree RE: Property Equalization". Donald alleged that there had been material and substantial changes which dictated that the property division in the decree of dissolution should be modified. Donald specifically averred that he had to involuntarily sell his membership interest in Welch Land and Cattle and that the compensation he received was substantially less than the court's valuation of his interest in the decree. He further alleged that this occurrence was not reasonably foreseeable at the time of the dissolution trial. In sum, Donald prayed that the court modify its finding regarding the value of his interest in Welch Land and Cattle and adjust his equalization payment to Heather accordingly.

On May 7, 2014, Heather filed a motion to dismiss Donald's complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). In her motion, Heather succinctly stated that Donald had failed to state a claim upon which relief could be granted.

Following a hearing on Heather's motion, the district court entered an order dismissing Donald's complaint. The court observed that Nebraska law did not permit modification of a property division in a decree of dissolution unless there is fraud or gross inequity. Further, the court noted that this rule applies equally to property divisions that are the result of a contested trial and those which are entered pursuant to a settlement agreement. Because it determined that Donald's complaint did not contain allegations that the property division in the decree of dissolution was the result of fraud or that it was grossly inequitable, the district court granted Heather's motion to dismiss. Donald appeals.

## ASSIGNMENTS OF ERROR

Donald argues the district court erred when it dismissed his complaint for modification of the property division in the decree of dissolution.

## STANDARD OF REVIEW

A district court's grant of a motion to dismiss is reviewed de novo. *Bruno v. Metropolitan Utilities Dist.*, 287 Neb. 551, 844 N.W.2d 50 (2014). When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion. *Id.*

ANALYSIS

Although Donald is ultimately attempting to modify the property division in the decree of dissolution, the issue in this appeal is whether the district court erred by dismissing his complaint. Donald contends that under the liberalized rules of notice pleading he has made sufficient allegations of the claim he was asserting; namely, that the property division in the decree of dissolution was grossly disproportionate due to a circumstance which occurred following the decree becoming final. See *Kotrous v. Zerbe*, 287 Neb. 1033, 846 N.W.2d 122 (2014); *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010) (under liberalized rules of notice pleading, a party is only required to set forth short and plain statement of claim showing pleader entitled to relief). Heather, on the other hand, asserts that Donald's complaint is fatally flawed because it does not contain a specific allegation that the property division in the decree was the result of fraud or gross inequity, which was the basis for the district court's dismissal.

To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Bruno v. Metropolitan Utilities Dist.*, *supra*. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element of the claim. *Id.*

In Nebraska, the frequently cited rule is that a property division in a dissolution of marriage decree from which no appeal is taken is not subject to modification and, ordinarily, will not thereafter be vacated or modified as to such property provisions in the absence of fraud or gross inequity. *Davis v. Davis*, 265 Neb. 790, 660 N.W.2d 162 (2003). This rule has been applied in cases in which the court itself divides the parties' property in the decree as well as in cases in which the court approves of the parties' property settlement agreements. See *Rice v. Webb*, 287 Neb. 712, 844 N.W.2d 290 (2014) (where parties to a divorce action voluntarily execute a property settlement agreement which is approved by the dissolution court and incorporated into a divorce decree from which no appeal is taken, its provisions will not thereafter be vacated or modified in the absence of fraud or gross inequity).

We find that Donald's complaint states a plausible claim for modification on its face. In his complaint, Donald alleged that he was forced to sell his share in Welch Land and Cattle for substantially less than the court's valuation of the interest in the decree of dissolution. Accepting this factual allegation as pled to be true, Donald's allegation suggests a necessary element for an action to modify a property division in a decree of dissolution; namely, that the property division results in gross inequity. Because the only issue before us concerns the sufficiency of the complaint, we do not address whether a disparity between an asset valuation contained in a decree and a subsequent realized value forms a sufficient basis upon which to modify a property division order in a decree. However, at this point, we conclude that his complaint should not have been dismissed. Accordingly, we reverse the district court's dismissal of Donald's complaint and remand the cause for further proceedings consistent with this opinion.

## CONCLUSION

We reverse the district court's dismissal of Donald's complaint to modify the property division in the decree of dissolution and remand the cause for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.