IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

FELLERS V. FELLERS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

SHERYL ANN FELLERS, APPELLEE,

V.

WILLIAM GEORGE FELLERS III, APPELLANT.

Filed October 25, 2016.    No. A-15-560.

Appeal from the District Court for Dawson County: JAMES E. DOYLE IV, Judge. Affirmed.

Kent A. Schroeder, of Ross, Schroeder & George, L.L.C., for appellant.

Claude E. Berreckman, Jr., of Berreckman & Davis, P.C., for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Several years after the marriage of Sheryl Ann Fellers and William George Fellers III was dissolved, Sheryl filed a petition to enforce the decree and obtain judgment against William. The district court granted the relief Sheryl requested, and William has appealed. We find no merit to the arguments raised on appeal and therefore affirm.

## BACKGROUND

Sheryl and William were married in 1994, and the decree dissolving their marriage was entered in 2012. Relevant to the present case, the decree awarded Sheryl a 40 acre tract of land the parties called the "50 cent 40." William was ordered to pay certain debts, including debts owed to Farm Credit Services, which were secured by a mortgage on the 50 cent 40. William was ordered to obtain the release of Sheryl from all debt owed to Farm Credit Services and indemnify and hold

- 1 -

Sheryl harmless from all such debt. The joint property statement submitted into evidence at the dissolution trial listed a debt owed to First Central Bank of McCook and classified the debt as a premarital debt of William's which was secured by real estate William inherited from his parents during the marriage. Thus, the district court classified the debt to First Central Bank as a nonmarital obligation owed by William.

Based upon the division of the marital estate, Sheryl was required to make an equalization payment of $83,050 to William in 10 equal annual installments. Sheryl was permitted to withhold the payment due in the second year and subsequent years if William failed to exert genuine, good faith efforts to obtain Sheryl's release from all Farm Credit Services debt. In addition, the decree permitted either party to petition the court for enforcement of Sheryl's obligation to pay William, William's indemnification requirements, and any other right to property or payment declared in the decree.

William appealed the dissolution decree, assigning various errors with respect to the division of property. In an unpublished opinion, this court affirmed the division of the marital assets and debts and all other aspects of the decree, with the exception of a modification of the valuation of Sheryl's premarital interest in her retirement account. See *Fellers v. Fellers*, No. A-13-206 (Neb. App. May 28, 2014).

In February 2015, Sheryl sold the 50 cent 40 for $162,000. At the closing of the sale, Sheryl was required to use the proceeds of the sale to satisfy portions of the debts William owed to Farm Credit Services and First Central Bank and pay delinquent 2012 and 2013 real estate taxes imposed on William's separate real estate. The total amount withheld from the proceeds of the sale was $146,090.33. At that time, Sheryl had made one payment toward the equalization payment owed to William and owed him a balance of $75,539.12.

On January 20, 2015, Sheryl filed a petition to enforce decree and obtain judgment against William. William filed an answer and counterclaim against Sheryl. Both parties filed motions to dismiss, and the court entered an order on the motions in March 2015. Therein, the court granted Sheryl's motion to dismiss William's counterclaim under the law-of-the-case doctrine. The court denied William's request to dismiss Sheryl's petition for lack of jurisdiction and failure to state a claim.

The district court entered an order enforcing the decree and judgment on June 1, 2015. The court found that Sheryl was attempting to enforce the decree provisions which allocated to her the value of the marital equity in the 50 cent 40 and to enforce that William pay his separate debts. Thus, the court determined that it had jurisdiction to consider Sheryl's request and the power to enforce the decree. The court found that the evidence established that Sheryl had been compelled to pay indebtedness owed by William to Farm Credit Services and First Central Bank to obtain the release of mortgages on the 50 cent 40 in order to sell the property. In addition, Sheryl was required to pay real estate taxes owed by William on his premarital land. In sum, Sheryl sold the 50 cent 40 for $162,000 and was required to pay $146,090.33 to creditors of William. Sheryl also had to pay $25 at closing which should have been paid by William. Therefore, the district court determined that Sheryl was entitled to a judgment against William. After subtracting from the judgment the remaining balance Sheryl owed William on the equalization payment, the court ordered William to pay Sheryl $70,576.21. The court also awarded Sheryl $2,000 in attorney fees. William now appeals to this court.

ASSIGNMENTS OF ERROR

William assigns, renumbered, that the district court (1) erred in determining that Sheryl's request was a request to enforce the decree and not a request to modify the decree, (2) never acquired subject matter jurisdiction, (3) erred in failing to dismiss Sheryl's petition for lack of subject matter jurisdiction and/or failure to state a claim, (4) erred in finding that the debt to First Central Bank was a premarital debt, (5) erred in dismissing his counterclaim and request for setoff, (6) erred in failing to find that Sheryl had accepted the benefits of the decree and was therefore equitably estopped from enforcing or modifying the decree, and (7) erred in awarding attorney fees to Sheryl.

STANDARD OF REVIEW

The meaning of a divorce decree presents a question of law, in connection with which we reach a conclusion independent of the determination reached by the court below. *Rice v. Webb*, 287 Neb. 712, 844 N.W.2d 290 (2014).

ANALYSIS

*Enforcement or Modification of Decree.*

In his first three assignments of error, William essentially argues that the district court erred in concluding that Sheryl's petition was a request to enforce the decree as opposed to a request to modify the decree. He therefore claims the trial court lacked jurisdiction over the matter, because Sheryl's action to modify was untimely, she failed to issue summons, and she failed to state a claim upon which relief could be granted. Thus, we must first determine whether the district court erred in its treatment of Sheryl's motion as a request to enforce the decree.

Sheryl's complaint was captioned as a "petition to enforce decree and obtain judgment" against William. She asked the court for a judgment against William for the net proceeds of the sale of the 50 cent 40 which had been used to satisfy William's debts and to reduce the judgment by the amount Sheryl owed to William for the remaining balance of the equalization payment ordered in the decree.

In *Davis v. Davis*, 265 Neb. 790, 660 N.W.2d 162 (2003), an ex-husband filed an application seeking reimbursement from his former wife for marital debts assigned to her in the divorce decree but which he was required to pay. The Supreme Court determined that rather than seeking a modification of the decree, the ex-husband was attempting to enforce the precise obligation imposed on his former wife by the decree, that is, to pay 50 percent of the marital debts. The court found that whether those payments were directed to the ex-husband or another was immaterial. Likewise, the ex-husband was awarded certain items of personal property in the decree, but his former wife never gave them to him. The Supreme Court found that the order requiring the former wife to pay the ex-husband the value of the personal property awarded to him in the decree was an enforcement of the divorce decree as opposed to a modification of the decree. *Id*.

The Supreme Court, in *Davis v. Davis, supra*, relied in part upon this court's decision in *Dennis v. Dennis*, 6 Neb. App. 461, 574 N.W.2d 189 (1998). In *Dennis*, a divorce decree ordered the husband to make the payments on a home equity loan. He did not make the payments, and the

wife was required to pay off the loan to avoid foreclosure on the home, which had been awarded to her. The wife filed an application to modify the decree in district court, praying that the husband be ordered to pay her the amount she had to pay to satisfy the loan. This court concluded that the relief the wife sought, a judgment for the amount she paid, was actually not in the nature of a modification, but, rather, a determination of amounts due under the decree and an award to her of said amounts. Thus, we viewed the action taken by the district court as enforcing that portion of the decree which obligated the husband to hold the wife harmless from the debt.

We find the same to be true in the present case. In the divorce decree, Sheryl was awarded the 50 cent 40, and William was assigned the debts owed to Farm Credit Services and First Central Bank. Likewise, it was William's responsibility to pay the 2012 and 2013 property taxes on property owned solely by him. By virtue of receiving the 50 cent 40, Sheryl was entitled to sell the property and keep the proceeds. In reality, she was required to use the proceeds from the sale to satisfy debts which should have been paid by William. In Sheryl's petition, she was not asking that the district court change any portion of the divorce decree. Rather, she was asking that each party be placed in the position it was in when the decree was entered. That is, Sheryl received the 50 cent 40 and was permitted to sell it and retain the proceeds. And because William was to satisfy the debts assigned to him, he should be required to satisfy those debts using his personal assets, not the proceeds of property awarded to Sheryl. We therefore find that the district court did not err in treating Sheryl's petition as one to enforce the decree rather than an attempt to modify the decree.

*William's Motion to Dismiss for Lack of Jurisdiction.*

William also claims that the district court lacked subject matter jurisdiction over the action, because a summons was not served within six months from the date the complaint was filed. Therefore, he argues that his motion to dismiss should have been granted.

Summons must be served upon the other party to the marriage in a modification proceeding. See Neb. Rev. Stat. §§ 42-352 (Reissue 2008) and 42-364(6) (Cum. Supp. 2014). However, a trial court retains jurisdiction to enforce the terms of a previously entered decree. Pursuant to Neb. Rev. Stat. § 42-351 (Reissue 2008), full and complete general jurisdiction over the entire marital relationship and all related matters is vested in the district court in which a petition for dissolution of marriage is properly filed. *Whitesides v. Whitesides*, 290 Neb. 116, 858 N.W.2d 858 (2015). A court that has jurisdiction to make a decision also has the power to enforce it by making such orders as are necessary to carry its judgment or decree into effect. *Id*. See also *Davis v. Davis*, 265 Neb. 790, 660 N.W.2d 162 (2003). Thus, a district court retains jurisdiction to enforce the terms of its initial decree. See *Wilson v. Wilson*, 19 Neb. App. 103, 803 N.W.2d 520 (2011).

Because we have determined that Sheryl was seeking to enforce rather than modify the decree, she was not required to serve summons. Therefore, the district court properly exercised jurisdiction over the action, and William's motion to dismiss for lack of jurisdiction was properly denied.

*William's Motion to Dismiss for Failure to State Claim.*

William contends that the court also erred in denying his motion to dismiss Sheryl's complaint, because the complaint fails to state a claim upon which relief can be granted. To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Holloway v. State*, 293 Neb. 12, 875 N.W.2d 435 (2016). In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

In her complaint, Sheryl alleged that she received the 50 cent 40 in the parties' divorce decree. The associated debt with Farm Credit Services which secures the land was assigned to William, and he was ordered to exert genuine, good faith efforts to obtain Sheryl's release from the debt. Sheryl's complaint asserted that there is a second deed of trust covering the 50 cent 40 with First Central Bank. And because William owed on that debt, First Central Bank is unwilling to release its deed of trust unless all of the net proceeds from the sale are applied to William's debt. Sheryl further alleged that she had entered into a contract to sell the 50 cent 40 with the net proceeds expected to total just under $150,000. Sheryl acknowledged a remaining balance she owed to William for the equalization payment ordered in the decree, but she requested a judgment against William for the full amount of the net proceeds of the sale in excess of the amount she owed to William.

Stated another way, in the decree, Sheryl was awarded a piece of real property, and the associated debts were assigned to William. William was ordered to remove Sheryl's name from the debts. According to Sheryl's complaint, William failed to do so. Now that Sheryl sought to sell the property, she was being required to use the proceeds of the sale to satisfy William's debts. This result is contrary to what each party received in the decree. Therefore, accepting all the allegations of the complaint as true, we find that Sheryl has set forth sufficient facts to entitle her to relief in the form of enforcement of the decree. As a result, the district court did not err in denying William's motion to dismiss Sheryl's complaint for failure to state a claim.

*Debt to First Central Bank.*

William asserts that the district court erred in finding that the debt to First Central Bank was a premarital debt. We conclude that this issue could have been raised in his appeal from the decree, and thus, William is precluded from raising it now.

As the district court observed, the joint property statement received into evidence at the dissolution trial listed the debt to First Central Bank in two locations. The property statement indicated that the debt was secured by property William inherited from his parents during the marriage, and the debt was also listed under the heading of debts of William owed on the date of the marriage. The district court therefore classified the debt to First Central Bank as William's premarital debt and excluded it from the marital estate. William appealed from the decree, but made no argument as to the classification of that debt. He is therefore barred by the law-of-the-case doctrine from raising the issue at this time.

The law-of-the-case doctrine reflects the principle that an issue that has been litigated and decided in one stage of a case should not be relitigated at a later stage. *County of Sarpy v. City of Gretna*, 276 Neb. 520, 755 N.W.2d 376 (2008). The doctrine applies with greatest force when an appellate court remands a case to an inferior tribunal. *Id.* Under the mandate branch of the law-of-the-case doctrine, a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision. *Id.* When this court modified a separate portion of the decree but otherwise affirmed the trial court's decision, we affirmed the treatment of the debt as William's sole obligation. Because William could have challenged the classification of the First Central Bank debt in his appeal from the decree, he is deemed to have waived the right to challenge that decision now. William cannot now ask that the debt be reclassified as a marital obligation so that Sheryl would be required to pay all or a portion of William's obligation. Accordingly, the district court did not err in rejecting William's argument to the contrary.

*William's Counterclaim.*

Similar to our holding above, we find that the district court did not err in dismissing William's counterclaim based on the law-of-the-case doctrine. In his counterclaim, William sought a credit against any judgment awarded to Sheryl for the amount by which this court modified the marital estate in our disposition of William's appeal from the decree. In our prior opinion, however, we held that even with our recalculation, the district court's goal that each party receive one-third to one-half of the net marital estate was met, and thus, no modification of the equalization payment was necessary. As a result, William cannot now ask that the equalization payment be modified by the amount of our recalculation.

Likewise, the law-of-the-case doctrine prohibited the district court from granting William's request for a judgment. Through his counterclaim, William also sought a monetary judgment with respect to a debt that encumbered the 50 cent 40, a debt of which he claims Sheryl failed to apprise the court at the dissolution trial. But because William could have raised this issue in his appeal from the decree but did not, he is prohibited from raising it now. Accordingly, the district court properly dismissed William's counterclaim.

*Acceptance of Benefits and Equitable Estoppel.*

William argues that Sheryl's request to enforce the decree should be precluded based on the notions of acceptance of benefits and equitable estoppel. William did not raise these arguments to the district court, however. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *Carlson v. Allianz Versicherungs-AG*, 287 Neb. 628, 844 N.W.2d 264 (2014). Because these issues were not presented to the trial court, we do not consider them on appeal.

*Attorney Fees.*

Finally, William asserts that the district court erred in awarding attorney fees to Sheryl. We disagree.

In a dissolution of marriage case, an award of attorney fees is discretionary, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *Brunges v.*

*Brunges*, 260 Neb. 660, 619 N.W.2d 456 (2000). An award of attorney fees depends on a variety of factors, including the nature of the case, the services performed and results obtained, the earning capacity of the parties, the length of time required for preparation and presentation of the case, customary charges of the bar, and general equities of the case. *Sitz v. Sitz*, 275 Neb. 832, 749 N.W.2d 470 (2008).

The district court's order indicates that it considered the above factors in deciding to award $2,000 in fees to Sheryl. We note that this action, and the associated attorney fees Sheryl incurred, would have been unnecessary but for William's failure to comply with the terms of the decree. In other words, had William obtained a release of Sheryl's name from the liens on the 50 cent 40, Sheryl would not have incurred attorney fees. And Sheryl was ultimately successful in receiving the relief she requested and in defending against William's counterclaim. We therefore find no abuse of discretion in the decision to award $2,000 in attorney fees to Sheryl.

CONCLUSION

For the foregoing reasons, we find no merit to the issues raised on appeal. As a result, we affirm the judgment of the district court.

AFFIRMED.